IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVIE HARRISON #696677 | § | |
| v. | § | CIVIL ACTION NO. 5:06cv290 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Relator Davie Harrison, proceeding *pro se*, filed this application for the writ of mandamus seeking issuance of the writ against the trial courts of Bowie County, the Sixth Judicial District Court of Appeals, and the Bowie County district attorney and former district attorney. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Harrison complains of the circumstances of his conviction and asks that the Court issue a writ of mandamus to compel the state court to set aside his conviction as void. On February 5, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that the federal district courts lacked jurisdiction to issue writs of mandamus against state courts or state officials. The Magistrate Judge also ascertained that Harrison's petition could not be construed as an application for the writ of habeas corpus because he has already filed one such application, which was denied on the merits, and makes no showing that he has sought or received permission from the Fifth Circuit to file a successive one, as required by 28 U.S.C. §2254(b); in addition, the Magistrate Judge said, Harrison fails to show that a habeas corpus petition, filed over a decade after his conviction became final, would not be barred by the statute of limitations.

Harrison filed objections to the Magistrate Judge's Report on February 20, 2007. In these objections, Harrison argues that: he is not seeking mandamus relief against "state actors or agencies," but against the state trial court; the Magistrate Judge's conclusion that the court lacked jurisdiction to issue a writ of mandamus against the trial court was an abuse of discretion and "usurpation of power;" that the judgment against him is void and so his right to mandamus relief is "clear and indisputable;" and that the tardiness of his complaint is irrelevant because a constitutional issue has been raised.

These objections are without merit. The Magistrate Judge properly determined that the federal district courts lack jurisdiction to issue writs of mandamus against state courts, and so the relief which Harrison seeks is simply unavailable. Neumann v. Blackwell, ___ Fed.Appx. ___, slip op. no. 06-50093 (5th Cir., October 24, 2006) (unpublished), *citing* Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 )5th Cir. 1973). Additionally, although Harrison argues that "tardiness is irrelevant," the case upon which he relies pre-dates enactment of the statute of limitations for habeas corpus proceedings.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original application for mandamus relief, the Report of the Magistrate Judge, the Relator's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Relator are without merit. It is accordingly

ORDERED that the Relator's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of mandamus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the dismissal of this application for the writ of mandamus shall not count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 2nd day of March, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE